UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EFOE A. ATTIOGBE,                                              *DKT#:*  13-cv-2894
                     Plaintiff,                          **SECOND AMENDED COMPLAINT**

      - against -                                          **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,                                          **ECF CASE**
P.O. JEFF MAYARD (Tax ID # 953073),
P.O. KENGMING CHANG (Tax ID # 918762),
P.O. CHARLES DEVER (Tax ID # 950318),
POLICE SERGEANT JOHN BOYCE (Tax ID # 943015),
Police Officers "JOHN DOE" #1-5, Individually
and in their official capacities (the name John Doe
being fictitious as the true names are presently
unknown),

                     Defendant.
-------------------------------------------------------------------x

     Plaintiffs, EFOE ATTIOGBE, by his attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

    1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

    2. This action is brought pursuant to 42 U.S.C. §§ 1983, and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

    3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

    4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, EFOE A. ATTIOGBE, is An African-American male, a citizen of the United States and at all relevant times a resident of the City and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, P.O. JEFF MAYARD (Tax ID # 953073), P.O. KENGMING CHANG (Tax ID # 918762), P.O. CHARLES DEVER (Tax ID # 950318), POLICE SERGEANT JOHN BOYCE (Tax ID # 943015) and P.O. "JOHN DOE" # 1-5, were duly sworn police officers of THE CITY OF NEW YORK Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE

CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, CITY OF NEW YORK.

**FACTS**

13. On or about January 17, 2013, at the Gertz Plaza Mall located at 162-10 Jamaica Avenue, in the County of Queens, City and State of New York, the Plaintiff was working in his capacity as a uniformed security guard.

14. P.O. JEFF MAYARD (Tax ID # 953073), P.O. KENGMING CHANG (Tax ID # 918762), P.O. CHARLES DEVER (Tax ID # 950318), POLICE SERGEANT JOHN BOYCE (Tax ID # 943015) and P.O. "JOHN DOE" # 1-5, were called to assist at the mall by claimant.

15. While at the Gertz Plaza Mall, P.O. JEFF MAYARD (Tax ID # 953073), P.O. KENGMING CHANG (Tax ID # 918762), P.O. CHARLES DEVER (Tax ID # 950318), POLICE SERGEANT JOHN BOYCE (Tax ID # 943015) and P.O. "JOHN DOE" # 1-5, were directed to view a video tape that was recorded by the Gertz Plaza Mall.

16. Depicted on the video was the Plaintiff providing change to a mall customer.

17. In response, P.O. JEFF MAYARD (Tax ID # 953073), P.O. KENGMING CHANG (Tax ID # 918762), P.O. CHARLES DEVER (Tax ID # 950318), POLICE SERGEANT JOHN BOYCE (Tax ID # 943015) and P.O. "JOHN DOE" # 1-5, arrested the Plaintiff for selling narcotics in violation of Penal Law § 220.31, which is a felony.

18. P.O. JEFF MAYARD (Tax ID # 953073), P.O. KENGMING CHANG (Tax ID # 918762), P.O. CHARLES DEVER (Tax ID # 950318), POLICE SERGEANT JOHN BOYCE

(Tax ID # 943015) and P.O. "JOHN DOE" # 1-5, were not in a reasonable position to see what the Plaintiff had given to the mall patron;

19. P.O. JEFF MAYARD (Tax ID # 953073), P.O. KENGMING CHANG (Tax ID # 918762), P.O. CHARLES DEVER (Tax ID # 950318), POLICE SERGEANT JOHN BOYCE (Tax ID # 943015) and P.O. "JOHN DOE" # 1-5 were not in a reasonable position to be able to observe any purported narcotic sale or transaction.

20. P.O. JEFF MAYARD (Tax ID # 953073), P.O. KENGMING CHANG (Tax ID # 918762), P.O. CHARLES DEVER (Tax ID # 950318), POLICE SERGEANT JOHN BOYCE (Tax ID # 943015) and P.O. "JOHN DOE" # 1-5 were not in a reasonable position to observe what was transpiring on the video tape.

21. P.O. JEFF MAYARD (Tax ID # 953073), P.O. KENGMING CHANG (Tax ID # 918762), P.O. CHARLES DEVER (Tax ID # 950318), POLICE SERGEANT JOHN BOYCE (Tax ID # 943015) and P.O. "JOHN DOE" # 1-5, did not have probable cause to arrest the Plaintiff.

22. No reasonable police officer would have believed the Plaintiff had engaged in a drug sale and no reasonable police officer would have arrested the Plaintiff.

23. The Plaintiff was kept in custody for approximately 20-22 hours.

24. The Plaintiff was charged under Arrest # Q13603570.

25. The Plaintiff's Handgun License was suspended as a result of his unlawful arrest.

26. All criminal charges against the Plaintiff were dismissed.

27. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, loss of enjoyment and use of his firearm,

loss of property, loss of use and enjoyment of his property, incurred monetary costs, and deprivation of his constitutional rights.

## FEDERAL LAW CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

30. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said department.

33. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## UNLAWFUL SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and unlawful seizure of their person without any probable cause, privilege, or consent.

36. That the seizure of the plaintiff was objectively unreasonable and in violation of the plaintiff's constitutional rights.

37. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, loss of enjoyment and use of his firearm, loss of property, loss of use and enjoyment of his property, incurred monetary costs, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C § 1983

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

40. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of plaintiff's constitutional rights.

41. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, <u>inter alia</u>, loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, loss of enjoyment and use of his firearm, loss of property, loss of use and enjoyment of his property, incurred monetary costs, and deprivation of his constitutional rights.

## **PENDANT STATE CLAIMS**

### **FIRST CLAIM FOR RELIEF UNDER NEW YORK STATE LAW**
*FALSE ARREST*

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendant police officers unlawfully detained and arrested plaintiff in the absence of probable cause and without a warrant.

44. As a result of defendants' aforesaid conduct by defendants, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

45. The aforesaid actions by the defendants constituted a deprivation of the Plaintiff's rights.

## SECOND CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
*NEGLIGENT SUPERVISION*

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendant CITY OF NEW YORK is required to supervise its various agents, servants, and employees, employed by the Defendant CITY OF NEW YORK, including P.O. JEFF MAYARD (Tax ID # 953073), P.O. KENGMING CHANG (Tax ID # 918762), P.O. CHARLES DEVER (Tax ID # 950318), POLICE SERGEANT JOHN BOYCE (Tax ID # 943015) and P.O. "JOHN DOE" # 1-5.

48. That CITY OF NEW YORK created an unreasonable risk of harm to plaintiff by failing to adequately supervise, control or otherwise monitor the activities of its employees, servants, and/or agents, including P.O. JEFF MAYARD (Tax ID # 953073), P.O. KENGMING CHANG (Tax ID # 918762), P.O. CHARLES DEVER (Tax ID # 950318), POLICE SERGEANT JOHN BOYCE (Tax ID # 943015) and P.O. "JOHN DOE" # 1-5.

49. That the defendant, CITY OF NEW YORK, caused damages by way of its negligent supervision; and, the Plaintiff is entitled to recover against defendants for his injuries, damages and losses caused by defendant, CITY OF NEW YORK.

## THIRD CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
*NEGLIGENT TRAINING*

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendant, CITY OF NEW YORK is required to adequately train its various agents, servants, and employees, including P.O. JEFF MAYARD (Tax ID # 953073), P.O. KENGMING CHANG (Tax ID # 918762), P.O. CHARLES DEVER (Tax ID # 950318), POLICE SERGEANT

JOHN BOYCE (Tax ID # 943015) and P.O. "JOHN DOE" # 1-5.

52. Defendant, CITY OF NEW YORK created an unreasonable risk of harm to plaintiff by failing to adequately train its various agents, servants, and employees, including P.O. JEFF MAYARD (Tax ID # 953073), P.O. KENGMING CHANG (Tax ID # 918762), P.O. CHARLES DEVER (Tax ID # 950318), POLICE SERGEANT JOHN BOYCE (Tax ID # 943015) and P.O. "JOHN DOE" # 1-5.

53. That the defendant, CITY OF NEW YORK, caused damages by way of its negligent training; and, the Plaintiff is entitled to recover against defendants for his injuries, damages and losses caused by defendant.

### FOURTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
*ASSAULT*

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein. Defendant, P.O. JEFF MAYARD (Tax ID # 953073), P.O. KENGMING CHANG (Tax ID # 918762), P.O. CHARLES DEVER (Tax ID # 950318), POLICE SERGEANT JOHN BOYCE (Tax ID # 943015) and P.O. "JOHN DOE" # 1-5 intended to cause and/or to place the Plaintiff in fear or apprehension of harmful or offensive contacts with Plaintiff's person.

55. Plaintiff was placed in great fear and apprehension of harmful and offensive contacts with his person.

56. Plaintiff was placed in fear and apprehension that the actions of P.O. JEFF MAYARD (Tax ID # 953073), P.O. KENGMING CHANG (Tax ID # 918762), P.O. CHARLES DEVER (Tax ID # 950318), POLICE SERGEANT JOHN BOYCE (Tax ID # 943015) and P.O. "JOHN DOE" # 1-5 would cause him harm, to arrest him, to place handcuffs on him, and to place him in custody unlawfully.

57. At no time did the Plaintiff consent to any of the acts of P.O. JEFF MAYARD (Tax ID # 953073), P.O. KENGMING CHANG (Tax ID # 918762), P.O. CHARLES DEVER (Tax ID # 950318), POLICE SERGEANT JOHN BOYCE (Tax ID # 943015) and P.O. "JOHN DOE" #1-5.

58. P.O. JEFF MAYARD (Tax ID # 953073), P.O. KENGMING CHANG (Tax ID # 918762), P.O. CHARLES DEVER (Tax ID # 950318), POLICE SERGEANT JOHN BOYCE (Tax ID # 943015) and P.O. "JOHN DOE" # 1-5 committed the foregoing acts intentionally, despicably, maliciously, and oppressively to injure the Plaintiff, and in willful and conscious disregard of the safety of the Plaintiff.

## FIFTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
### *BATTERY*

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein. Defendant, P.O. JEFF MAYARD (Tax ID # 953073), P.O. KENGMING CHANG (Tax ID # 918762), P.O. CHARLES DEVER (Tax ID # 950318), POLICE SERGEANT JOHN BOYCE (Tax ID # 943015) and P.O. "JOHN DOE" # 1-5, intended to make harmful or offensive contact with the Plaintiff's person.

60. That by placing handcuffs on the plaintiff and physically taking him into custody without probable cause, privilege, or consent, P.O. JEFF MAYARD (Tax ID # 953073), P.O. KENGMING CHANG (Tax ID # 918762), P.O. CHARLES DEVER (Tax ID # 950318), POLICE SERGEANT JOHN BOYCE (Tax ID # 943015) and P.O. "JOHN DOE" # 1-5 subjected plaintiff to harmful and offensive contact with plaintiff's person.

61. At no time did the Plaintiff consent to any of the acts of P.O. JEFF MAYARD (Tax ID # 953073), P.O. KENGMING CHANG (Tax ID # 918762), P.O. CHARLES DEVER (Tax ID

# 950318), POLICE SERGEANT JOHN BOYCE (Tax ID # 943015)and P.O. "JOHN DOE" # 1-5.

62. P.O. JEFF MAYARD (Tax ID # 953073), P.O. KENGMING CHANG (Tax ID # 918762), P.O. CHARLES DEVER (Tax ID # 950318), POLICE SERGEANT JOHN BOYCE (Tax ID # 943015) and P.O. "JOHN DOE" # 1-5 committed the foregoing acts intentionally, despicably, maliciously, and oppressively to injure the Plaintiff, and in willful and conscious disregard of the safety and wellbeing of the Plaintiff.

### SIXTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
*INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. The aforementioned conduct by the defendant police was extreme, outrageous, and exceeded all reasonable bounds of decency.

65. The aforementioned conduct was committed by the defendant police, including P.O. JEFF MAYARD (Tax ID # 953073), P.O. KENGMING CHANG (Tax ID # 918762), P.O. CHARLES DEVER (Tax ID # 950318), POLICE SERGEANT JOHN BOYCE (Tax ID # 943015) and P.O. "JOHN DOE" # 1-5, while acting within the scope of their employment by the defendant THE CITY OF NEW YORK.

66. The aforementioned conduct was committed by the defendant police, including P.O. JEFF MAYARD (Tax ID # 953073), P.O. KENGMING CHANG (Tax ID # 918762), P.O. CHARLES DEVER (Tax ID # 950318), POLICE SERGEANT JOHN BOYCE (Tax ID # 943015) and P.O. "JOHN DOE" # 1-5, while acting in Furtherance of their employment by the defendant THE CITY OF NEW YORK.

67. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to the plaintiff.

68. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SEVENTH CLAIM FOR FOR RELIEF UNDER NEW YORK STATE LAW
*VICARIOUS LIABILITY and RESPONDEAT SUPERIOR*

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. That the corporate defendant, CITY OF NEW YORK, is liable to the Plaintiff for the acts and omissions and negligence of its various agents, servants, and employees, including P.O. JEFF MAYARD (Tax ID # 953073), P.O. KENGMING CHANG (Tax ID # 918762), P.O. CHARLES DEVER (Tax ID # 950318), POLICE SERGEANT JOHN BOYCE (Tax ID # 943015) and P.O. "JOHN DOE" # 1-5, under the legal theories of "Vicarious Liability" and "Respondeat Superior".

### CONDITIONS PRECEDENT

71. Within 90 days of the Plaintiff's injury, on February 5, 2013, a Notice of Claim was served upon the defendant City of New York, setting forth:

    a. The name and post office address of the claimant and his attorney;

    b. The nature of the claim;

    c. The time when, the place where, and the manner in which the claim arose;

    d. The items of damages and injuries sustained so far as practicable.

72. The Notice of Claim was served upon the defendant, City of New York, within 90

days after Plaintiff's several causes of action accrued.

73. A hearing was held on April 8, 2013, prior to the filing of the within lawsuit, where the Plaintiff provided testimony pursuant to Section 50-H of the General Municipal Law.

74. This action has been commenced within one year and 90 days after Plaintiff's various causes of action have accrued.

75. Plaintiff has duly complied with all of the conditions precedent to the commencement of these causes of action.

## DAMAGES AND RELIEF REQUESTED

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To receive equal protection under the law.

78. By reason of the aforesaid conduct by defendants, plaintiff is entitled to the following damages:

    a. <u>Federal Causes of Action</u>: The sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper;

      b. <u>Pendent State Causes of Action</u>: The sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper;

**WHEREFORE,** Plaintiff demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action for the Federal Causes of Action; and

**WHEREFORE,** Plaintiff demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus costs and disbursements of this action for the Pendent State Causes of Action.

Dated: New York, NY
      October 10, 2013

By: */s/ Bryan Konoski*
_____
BRYAN KONOSKI (BK7563)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832